United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

Summary Calendar
No. 03-40371

_____

IN RE:   CAMELOT RETIREMENT COMMUNITY
OF MCALLEN, TEXAS,

Debtor.

_____

COLIN KELLY KAUFMAN,

Appellant,

versus

CAMELOT RETIREMENT COMMUNITY OF MCALLEN, TEXAS;
GUY ALLISON; UNITED STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT,

Appellees.

_____

COLIN KELLY KAUFMAN,

Plaintiff-Appellant,

versus

CAMELOT RETIREMENT COMMUNITY OF MCALLEN, LP,

Defendant-Appellee.

_____

**Appeal from the United States District Court
for the Southern District of Texas - McAllen Division
Civil Case No. M-02-CV-347;
Civil Case No. M-02-CV-373**

_____

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

_____

[*]      Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

This is an appeal from the denial of a request for attorneys' fees made by a lawyer in a Chapter 11 case. Appellant Kaufman cannot overcome the plain text of the Bankruptcy Code, which conditions payment of attorneys' fees of a creditor on that creditor's entitlement to receive expenses from "making a substantial contribution" to the Chapter 11 case. 11 U.S.C. § 503(b)(3)(D). Section 503(b)(4) accordingly affords an attorney "reasonable compensation for professional services" rendered for "an entity whose expense is allowable under paragraph (3) of this subsection . . . ." The statute, as the district and bankruptcy courts noted, is clear. No case law cited by Kaufman abridges this clarity.

The decisions of the district and bankruptcy courts, which are supported in a number of other ways only on the assumption that this language is somehow not controlling, are **AFFIRMED**.